UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
|     Mien D. Nguyen | : | Chapter 13 |
| | : | |
|     Debtor(s) | : | Case No. 15-17044 |

## ANSWER TO MOTION TO RECONSIDER THE MARCH 27, 2019 ORDER DISMISSING THE CHAPTER 13 CASE

Comes now, PNC Bank, National Association, ( the "Creditor") and answers Mien D. Ngyuen's ( the "Debtor"), request for this Honorable Court to vacate its March 27, 2019 Order dismissing the instant matter and in support thereof avers the following:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted. By way of further response, the Chapter 13 Trustee previously filed four (4) other Motions to Dismiss for failure to make timely and regular Chapter 13 payments (March 15, 2016, August 2, 2016, November 8, 2017 and October 30, 2018). Debtor has established a pattern of an inability to make payments under the plan.

5. Admitted. The Creditor incorporates its response to paragraph 4 as though set forth at length herein.

6. Creditor is without knowledge to admit or deny.

7. Creditor is without knowledge to admit or deny.

8.     Creditor is without knowledge to admit or deny.  By way of further response, it is the Debtor's responsibility to make payment to the Trustee under the confirmed plan and ensure that all payments are made fully and timely.

9.     Creditor is without knowledge to admit or deny. By way of further response, the allegation that Debtor was unaware for six (6) months that his bankruptcy case was dismissed strains credibility.  There is a Certificate of Service of the dismissal Order on the docket March 29, 2019. It was sent via electronic filing to counsel for the Debtor, and therefore Debtor should have known about the dismissal well prior to September 25, 2019.  The Debtor also had to be aware that Debtor has not been making payments to the Trustee for the past six (6) months.  By way of further response, the Creditor incorporates its responses to paragraph 4 as though set forth at length herein.

10.    Creditor is without knowledge to admit or deny. By way of further response, while Debtor may desire to make the payments under his previous chapter 13 plan, the Debtor has established that he is unable to pay through a pattern of missed payments.  Moreover, the Debtor has not shown how Debtor would be able to make the balloon payment to the Creditor at the end of the plan.  Debtor has not shown an ability to pay and therefore, the Creditor does not believe that the plan is feasible. Due to the default and preparing to enforce its rights and remedies via inspection of the property and sheriff sale, the Creditor has expended additional costs and legal fees in the approximate amount of $5,754.48. If the court is inclined to permit the reinstatement, over Creditor's objection, any additional fees and costs incurred by the Creditor should be included in the amount to be paid to Creditor under the plan.  By way of further response, the Creditor incorporates its responses to paragraphs 4 and 9 as though set forth at length herein.

11. Creditor is without knowledge to admit or deny. By way of further response, the Creditor incorporates its responses to paragraphs 4, 9 and 10 as though set forth at length herein.

12. Creditor is without knowledge to admit or deny. By way of further response, the Creditor incorporates its responses to paragraphs 4, 9 and 10 as though set forth at length herein.

WHEREFORE, for the reasons state herein, PNC Bank, National Association, respectfully requests that this Honorable Court deny Mien D. Nguyen's request for Reconsideration of its March 27, 2019 Order dismissing the instant matter.

Respectfully submitted,

UNRUH, TURNER, BURKE & FREES, P.C.

Date: 10/3/2019    By: */s/ Kristen Wetzel Ladd*
John K. Fiorillo, Esquire
Kristen Wetzel Ladd, Esquire
Attorneys for Plaintiff, PNC Bank, N.A.
P.O. Box 515
West Chester, PA 19381-0515
Attorney I.D. No. 55658/208755
(610) 692-1371